13-1405
Chen v. Holder

BIA
A098 593 676

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand fourteen.

PRESENT:
          JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*
_____

QHING HUA CHEN,
          *Petitioner,*

          v.                                    13-1405
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:        Gang Zhou, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Edward J. Duffy, Senior
                       Litigation Counsel; Charles S. Greene
                       III, Trial Attorney, Office of
                       Immigration Litigation, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qhing Hua Chen, a native and citizen of the People's Republic of China, seeks review of the March 19, 2013, decision of the BIA denying her motion to reopen. *In re Qhing Hua Chen*, No. A098 593 676 (B.I.A. Mar. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Chen's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's 2012 motion was untimely, as the final administrative decision was issued in 2008. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material

2

and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, the BIA did not err in concluding that Chen did not demonstrate materially changed country conditions in China excusing the untimely filing of her motion to reopen.

As the BIA noted, Chen's conversion to Christianity in the United States in 2011, well after she was ordered removed, reflects a self-induced change in personal circumstances and therefore does not exempt her motion from the applicable bars.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155-56 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Even if Chen's conversion to Christianity was not a self-induced change, substantial evidence supports the BIA's determination that Chen failed to demonstrate changed country conditions in China.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard).  "In determining whether evidence accompanying a motion to reopen demonstrates a

3

material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). As the BIA determined, the country conditions evidence that Chen submitted shows, for the most part, a continuation of the Chinese government's mistreatment of Christians, rather than any material change. *See id.* at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions" to reopen). Therefore, because the BIA's inference that conditions in China have not materially changed "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("support for a contrary inference – even one more plausible or more natural – does not suggest error").

Moreover, as the BIA noted, the record indicates that treatment of Christians varies from region to region and does not show many instances of persecution in Chen's home province of Fujian. As a result, because Chen did not demonstrate a change in conditions with regard to the

4

treatment of Christians in Fujian, the BIA did not abuse its discretion in denying her untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk